SCOTT ERIK ASPHAUG, OSB #833674
Acting United States Attorney
District of Oregon
KEVIN DANIELSON, OSB #065860
Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, Oregon 97204-2902
    Telephone: (503) 727-1000
    E-mail: kevin.c.danielson@usdoj.gov

Attorneys for Defendant MERRICK GARLAND.
Attorney General of the U.S. Department of Justice

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHARLES PELL,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, MERRICK GARLAND, In his official capacity as Attorney General of the United States; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:21-cv-05945-JFW (PVC)<br><br>DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>Honorable John F. Walter<br>United States District Judge |

Defendant Merrick Garland, Attorney General of the U.S. Department of Justice, by counsel, submits the following Answer to the correspondingly numbered paragraphs of the First Amended Complaint (ECF 14) filed by Plaintiff, Charles Pell, in the above-captioned action.

1

# INTRODUCTION

1. Admit that the acts and events that underly this Complaint occurred in the U.S. Attorney's Office for the Central District of California which is headquartered in Los Angeles, California. Admit Los Angeles is a diverse community. Defendant denies the remaining allegations in Paragraph 1.

2. Admit that Plaintiff is employed as an Assistant U.S. Attorney in the U.S. Attorney's Office for the Central District of California. Admit that Defendant works in the U.S. Attorney's Office's Criminal Division. Admit that Defendant won an award in 2015 from the California Lawyers Attorneys of the Year in Criminal Practice. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 2 and therefore denies same.

3. Denied.

4. Denied.

# JURISDICTION AND VENUE

5. Admit that the Complaint asserts claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et* seq. Defendant denies the remainder of the allegations in Paragraph 5.

6. Admit that Plaintiff invokes subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1343. Admit that Defendant obtained a Final Agency Decision for his administrative complaint bearing the docket number USA-2020-10208. Defendant denies the remainder of the allegations contained in Paragraph 6.

7. Admit that venue for this civil action lies in the Central District of California.

## PLAINTIFF

8. Admit.

## DEFENDENTS

9. Admit that Merrick Garland, in his official capacity as the Attorney General of the U.S. Department of Justice, is subject to the jurisdiction of the Court and is the only proper defendant in this action. Admit the U.S. Department of Justice is an "executive agency" of the United States within the meaning of 5 U.S.C. § 105.

10. Admit that management employees in the U.S. Attorney's Office for the Central District of California were acting within the scope of their employment for all acts or omissions alleged in the Complaint. Defendant denies the remainder of the allegations in Paragraph 10.

11. Denied.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Admit that Plaintiff received a Final Agency Decision on or about April 27, 2021 regarding his administrative EEO complaint bearing the docket number USA-2021-01028. Defendant denies the remainder of the allegations in Paragraph 12.

## FACTUAL ALLEGATIONS

13. Admit that Plaintiff is employed as an Assistant U.S. Attorney in the U.S. Attorney's Office for the Central District of California, Santa Ana branch office. Admit that Plaintiff has been employed as an Assistant U.S. Attorney since approximately August

3

2008. Admit that Plaintiff has been duty stationed at U.S. Attorney's Office's Santa Ana branch office since approximately April 2011. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 13 and therefore denies same.

14. Admit that Plaintiff received "Outstanding" performance review ratings from calendar year 2014 to calendar year 2018. Defendant denies the remaining allegations in Paragraph 14.

15. Admit.

16. Denied.

17. Admit that Plaintiff told Assistant U.S. Attorney Benjamin Barron that his partner is Hispanic and that they had a son together in or around late 2019. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 17 and therefore denies same.

18. Denied.

19. Denied.

20. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 20 and therefore denies same.

21. Denied.

22. Denied.

23. Admit the U.S. Attorney's Office for the Central District of California is headquartered in Los Angeles, California. Admit that former Assistant U.S. Attorney

Brandon Fox is a male Caucasian. Admit that Assistant U.S. Attorney Fox served as the U.S. Attorney's Office's Criminal Chief from approximately May 2019 through approximately May 2021. Defendant denies the remainder of the allegations in Paragraph 23.

24. Admit that Assistant U.S. Attorney Benjamin Barron was appointed as the U.S. Attorney's Office's Santa Ana branch chief in or around June 2019. Admit that Assistant U.S. Attorney Barron is a male Caucasian. Admit that Assistant U.S. Attorney Barron replaced a female Assistant U.S. Attorney as Santa Ana branch chief. Defendant denies the remainder of the allegations in Paragraph 24.

25. Admit that Plaintiff was given a progress review for the calendar year 2019 performance appraisal period in or around June 4, 2019. Admit that the June 4, 2019 mid-year progress review speaks for itself. Admit that Assistant U.S. Attorney Benjamin Barron was appointed as the U.S. Attorney's Office's Santa Ana branch chief in or around June 2019. Defendant denies the remainder of the allegations in Paragraph 25.

26. Paragraph 26 of the Complaint contains factual quotations from an alleged e-mail Plaintiff's first-level supervisor sent to his second-level supervisor, to which no response is required. To the extent a response is required, Defendant admits that Assistant U.S. Attorney's Daniel Ahn's alleged e-mail to Assistant U.S. Attorney Barron speaks for itself. Defendant denies the remainder of the allegations in Paragraph 26.

5

27. Admit that Plaintiff received a "Successful" rating in his Ethics and Professionalism Critical Performance Element for his performance appraisal in calendar year 2019. Defendant denies the remainder of the allegations in Paragraph 27.

28. Admit that Assistant U.S. Attorney Benjamin Barron and Assistant U.S. Attorney Daniel Ahn attended a meeting on or about February 11, 2020 to discuss proposed performance ratings for Santa Ana branch employees. Admit that former U.S. Attorney Nicola Hanna, Assistant U.S. Attorney Tracy Wilkison, former Assistant U.S. Attorney Brandon Fox, Assistant U.S. Attorney Scott Garringer, Assistant U.S. Attorney Daniel Ahn, Assistant U.S. Attorney Jennifer Waier, and Assistant U.S. Attorney Vibhav Mattal were also present. Defendant denies the remainder of the allegations in Paragraph 28.

29. Admit that Plaintiff received a "Successful" rating in his Case Handling Critical Performance Element for his performance appraisal in calendar year 2019. Admit that Plaintiff received an overall "Successful" rating for his performance appraisal in calendar year 2019. Admit that Plaintiff and Assistant U.S. Attorney Benjamin Barron signed Plaintiff's calendar year 2019 performance appraisal on or about February 19, 2020. Admit that Plaintiff met with Assistant U.S. Attorney Barron and Assistant U.S. Attorney Daniel Ahn on or about February 19, 2020 to discuss Plaintiff's calendar year 2019 performance rating. Defendant denies the remainder of the allegations in Paragraph 29.

30. Denied.

31.     Admit that Plaintiff met with Assistant U.S. Attorney Benjamin Barron in or around February 2020 to discuss Plaintiff's calendar year 2019 performance rating. Admit that in one of those meetings Assistant U.S. Attorney Barron told Plaintiff about certain performance issues observed by then Deputy Criminal Chief Assistant U.S. Attorney Scott Garringer. Defendant denies the remaining allegations in Paragraph 31.

32.     Admit that Plaintiff filed a formal complaint of discrimination on or about June 29, 2020 that contains an allegation concerning his calendar year 2019 performance appraisal. Admit Plaintiff's June 29, 2020 formal complaint of discrimination was investigated in 2020. Defendant denies the remainder of the allegations in Paragraph 32.

33.     Admit that Plaintiff received a "Successful" rating in his Ethics and Professionalism Critical Performance Element for his performance appraisal in calendar year 2020. Admit that Plaintiff received a Letter of Reprimand on December 3, 2020 for unprofessional conduct. Defendant denies the remainder of the allegations in Paragraph 33.

34.     Admit that a memorandum with the title "Action Proposals for Racial Justice, Equity, and Inclusion at the U.S. Attorney's Office for the Central District of California" was sent to former U.S. Attorney Nicola Hanna, then-First Assistant U.S. Attorney Tracy Wilkison, and then-Executive Assistant U.S. Attorney Stephanie Christensen on or about June 19, 2020. Admit that in or around July 2020, the U.S. Attorney's Office created an Equality Working Group. Defendant denies the remainder of the allegations in Paragraph 34.

35. Admit that in or around July 2020, the U.S. Attorney's Office created an Equality Working Group. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 35 and therefore denies same.

36. Admit that Plaintiff sent an e-mail to Assistant U.S. Attorney Benjamin Barron, copying Assistant U.S. Attorney Daniel Ahn, on June 30, 2020 with the subject line: "racially insensitive/inappropriate statements by front office." Admit Plaintiff's June 30, 2020 e-mail speaks for itself. Defendant denies the remainder of the allegations in Paragraph 36.

37. Denied.

38. Denied.

39. Denied.

40. Admit that Assistant U.S. Attorney Benjamin Barron purchased a home in Irvine, California. Admit that on November 17, 2020 Assistant U.S. Attorney Barron requested Plaintiff contact a defense attorney concerning one of Plaintiff's criminal matters. Defendant denies the remaining allegations in Paragraph 40.

41. Admit that Plaintiff was issued a Letter of Reprimand on December 3, 2020 for unprofessional conduct. Defendant denies the remainder of the allegations in Paragraph 41.

42. Denied.

43. Admit that Plaintiff received a Letter of Reprimand on December 3, 2020 for unprofessional conduct. Admit that the Letter of Reprimand speaks for itself. Defendant denies the remaining allegations in Paragraph 43.

44. Admit that Assistant U.S. Attorney Barron did not nominate any of the Assistant U.S. Attorneys, including Plaintiff, who report to Assistant U.S. Attorney Daniel Ahn for a time off award in or around March 2020 to the present. Defendant denies the remainder of the allegations in Paragraph 44.

FIRST CAUSE OF ACTION

**Discrimination in Violation of Title VII**

**(Against All Defendants)**

45. Defendant incorporates by reference his responses to the allegations in Paragraphs 1 through 44 of the Complaint.

46. Paragraph 46 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 46.

47. Paragraph 47 of the Complaint contains a quotation of statutory language to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 47.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

## SECOND CAUSE OF ACTION

**Retaliation in Violation of Title VII**

**(Against All Defendants)**

54. Defendant incorporates by reference his responses to the allegations in Paragraphs 1 through 53 of the Complaint.

55. Paragraph 55 of the Complaint contains a quotation of statutory language to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 55.

56. Admit that Plaintiff filed formal complaints of discrimination on June 29, 2020 and March 22, 2021, respectively. Defendant denies the remaining allegations in Paragraph 56.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

# PRAYER FOR RELIEF

1. Paragraph 1 constitutes a prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief sought and further denies that Defendant is liable to Plaintiff under any theory of liability whatsoever.

2. Paragraph 2 constitutes a prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief sought and further denies that Defendant is liable to Plaintiff under any theory of liability whatsoever.

3. Paragraph 3 constitutes a prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief sought and further denies that Defendant is liable to Plaintiff under any theory of liability whatsoever.

4. Paragraph 4 constitutes a prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief sought and further denies that Defendant is liable to Plaintiff under any theory of liability whatsoever.

5. Paragraph 5 constitutes a prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief sought and further denies that Defendant is liable to Plaintiff under any theory of liability whatsoever.

6. Paragraph 6 constitutes a prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief sought and further denies that Defendant is liable to Plaintiff under any theory of liability whatsoever.

7. Paragraph 7 constitutes a prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief sought and further denies that Defendant is liable to Plaintiff under any theory of liability whatsoever.

## AFFIRMATIVE DEFENSES

Without waiving, limiting, modifying, or amending any of the answers, responses, assertions, or allegations set forth above, and pleading in the alternative where appropriate, Defendant asserts the following affirmative defenses:

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to exhaust administrative remedies for some or all of his claims.

3. Plaintiff cannot establish any direct evidence in support of his claims of discrimination or retaliation under Title VII.

4. Plaintiff cannot establish a *prima facie* claim of discrimination or retaliation under Title VII.

5. Defendant had legitimate, non-discriminatory reasons supporting each of the decisions at issue in the Complaint.

6. Plaintiff cannot establish that Defendant's legitimate, non-discriminatory reasons were pretext for unlawful discrimination or retaliation under Title VII.

7. Plaintiff's claims are barred to the extent that he has failed to use reasonable efforts to mitigate his damages.

8. Plaintiff's claim for compensatory damages is limited to the statutory cap set forth in 42 U.S.C. § 1981a.

9. Plaintiff's claim for punitive damages is barred by 42 U.S.C. § 1981(b)(1).

10. The head of the agency, in his official capacity, is the only proper defendant.

11. Defendant did not commit the acts or omissions as alleged in the Complaint for discriminatory or retaliatory motives, but assuming that he did, such acts or omissions would have been taken in any event for legitimate, non-discriminatory, non-pretextual reasons.

12. No tangible employment action was taken against Plaintiff.

13. Defendant exercised reasonable care to prevent and promptly correct any harassing behavior.

14. Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

WHEREFORE, Defendant respectfully requests that the Court enter judgment against Plaintiff and for Defendant with costs, dismiss this case with prejudice, and award

1 | Defendant all other and further relief as shall be deemed just and appropriate.

Dated: September 24, 2021  Respectfully submitted

Scott Erik Asphaug
Acting United States Attorney

*/s/ Kevin C. Danielson*
KEVIN C. DANIELSON
Assistant U.S. Attorney
United States Attorney's Office
Attorneys for Defendant
MERRICK GARLAND. Attorney
General of U.S. Department of Justice

Acting Under Authority Conferred by 28 U.S.C. § 515

14