## SETTLEMENT AND RELEASE OF CLAIMS AGREEMENT

This Settlement and Release of Claims Agreement ("Agreement") is entered into by Charles Pell ("Mr. Pell") and the U.S. Department of Justice, including specifically the United States Attorney's Office for the Central District of California ("USAO") and the Executive Office for United States Attorneys ("the Agency," or "the Department") (collectively, "the Parties"). In consideration of the mutual promises set forth below, the Parties hereby agree to the following terms and conditions:

WHEREAS, Mr. Pell is an employee of the Agency, specifically, of the United States Attorney's Office for the Central District of California; and

WHEREAS, Mr. Pell filed a formal complaint of discrimination with the Equal Employment Opportunity Staff of the Executive Office for United States Attorneys on or about June 29, 2020, designated as USA-2020-010208; and

WHEREAS, Mr. Pell filed a formal complaint of discrimination with the Equal Employment Opportunity Staff of the Executive Office for United States Attorneys on or about March 2, 2021, designated as USA-2021-00429; and

WHEREAS, on April 27, 2021, the Agency's Complaint Adjudication Office issued to Mr. Pell a Final Agency Decision finding no discrimination or retaliation; and

WHEREAS, on May 29, 2021, the Agency's Complaint Adjudication Office issued to Mr. Pell a Final Agency Decision dismissing his administrative complaint of discrimination; and

WHEREAS, on July 28, 2021, following the administrative process, Mr. Pell filed a First Amended Complaint in the U.S. District Court for the Central District of California, bearing docket number 21-cv-05945-JFW-PVC ("the Action"); and

WHEREAS, the Agency has denied and does deny any and all liability to Mr. Pell with respect to the allegations in the Action; and

WHEREAS, Mr. Pell and the Agency desire to fully and finally resolve the Action, settle and resolve any and all disputes between them, and all other claims or potential claims by Mr. Pell concerning, relating to, and/or arising from the subject matter of the Action;

NOW THEREFORE, in exchange for and in consideration of the following promises, the receipt and adequacy of which are hereby acknowledged, the Parties hereby voluntarily agree as follows:

**I.**   **Mr. Pell Agrees to the Following Undertakings:**

A.   Mr. Pell agrees that the Action is hereby settled and that his signature on this Agreement constitutes a voluntary request to dismiss the Action with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph II. E. below. To effectuate dismissal of the Action, Mr. Pell agrees to execute and file a Stipulation for Dismissal with Prejudice under Federal Rule of Civil Procedure 41 not later than ten (10) days after he signs this agreement.

B.     Mr. Pell, his heirs and personal representatives, fully and forever releases, acquits and discharges the Agency and its components, agents, employees and former employees, either in their official or individual capacities, from any and all claims, complaints, demands, grievances, charges, appeals, and causes of action of every kind, nature or description, whether known or unknown, that Mr. Pell may have had, may now have, or may hereafter discover arising out of or in connection with any event occurring prior to the date this Agreement is executed.

C.     By signing this Agreement, Mr. Pell understands that he is knowingly and voluntarily waiving any rights and claims that he may have arising under the Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act. Mr. Pell understands that:

    1.     He does not waive rights or claims that may arise after the date this Agreement is executed;

    2.     He waives rights and claims only in exchange for consideration;

    3.     He is advised to consult with an attorney prior to signing this Agreement;

    4.     He has twenty-one (21) days in which to consider this Agreement before signing it, but has expressly, knowingly and voluntarily waived the 21-day time period;

    5.     He may revoke this Agreement within seven (7) days of the date on which he signs the Agreement, and this Agreement is not effective until the seven-day revocation period has expired, and all signatures have been obtained;

    6.     He may revoke this Agreement by delivering written notice of revocation no later than the final day of the seven-day revocation period to Austin Rice-Stitt by email to Austin.Rice-Stitt@usdoj.gov; and

    7.     If he revokes this Agreement, it shall not be effective or enforceable and he will not receive the benefits described below.

E.     Mr. Pell acknowledges that he understands the contractual provisions of this Agreement and the legal effect thereof.

F.     Mr. Pell expressly agrees not to use this Agreement, or permit any other person to use it, in any judicial or administrative proceeding as evidence of liability on the part of the Agency, or any of its current or former employees. The terms of this Agreement will not establish any precedent, nor will the Agreement be used as a basis by Mr. Pell or any representative organization to seek or justify similar terms in any subsequent case.

G.     Mr. Pell enters into this Agreement voluntarily, fully and without coercion or undue influence, and with the understanding that he may seek the advice of counsel regarding the terms of this Agreement and the effect of this Agreement prior to signing.

II. **The Agency Agrees to the Following Undertakings:**

A. In recognition of the time spent in the Equal Employment Opportunity process, the Agency will issue to Mr. Pell a time-off credit in the amount of forty (40) hours. The Agency will process such time-off credit no later than sixty (60) calendar days from the effective date of this Agreement.

B. Upon Mr. Pell's request, which will be presumed by his execution of this Agreement, and in recognition of his improved conduct, the Agency will remove the December 3, 2020 Letter of Reprimand from Mr. Pell's Official Personnel Folder (OPF) no later than sixty (60) calendar days from the effective date of this Agreement.

C. The Agency will change the following specified text contained in the Agency's "Addendum to Performance Work Plan and Appraisal Record 2020" attached to Mr. Pell's calendar year 2020 Performance Work Plan and Appraisal Record (PWPAR):

   i. In the Agency's discussion of Mr. Pell's performance under his Critical Performance Element (CPE) 1 (Case Handling), remove the following text:

   REDACTED, 5 U.S.C. 552(b)(6)

   ii. In the Agency's discussion of Mr. Pell's performance under his Critical Performance Element (CPE) 3 (Ethics and Professionalism), remove the following sentence:
   REDACTED, 5 U.S.C. 552(b)(6)

   iii. In the Agency's discussion of Mr. Pell's performance under his CPE 3 (Ethics and Professionalism), remove the following sentence:
   REDACTED, 5 U.S.C. 552(b)(6)

   iv. In the Agency's discussion of Mr. Pell's performance under his CPE 3 (Ethics and Professionalism), remove the following sentence:
   REDACTED, 5 U.S.C. 552(b)(6)

   v. In the Agency's discussion of Mr. Pell's performance under his CPE 3 (Ethics and Professionalism), remove the following sentence:

REDACTED, 5 U.S.C. 552(b)(6)

Mr. Pell's performance rating on his CPE 3 (Ethics and Professionalism) in his calendar year 2020 PWPAR shall remain at the "Successful" level. The Agency will implement this clause no later than sixty (60) calendar days from the effective date of the Agreement.

D. The Agency will change Mr. Pell's calendar year 2019 PWPAR, dated February 19, 2020, as specified below:

   i. Mr. Pell's rating in his CPE 1 (Case Handling) shall be changed from Successful to Outstanding.

   ii. Mr. Pell's rating in his CPE 2 (Advocacy) shall be changed from Outstanding to Successful.

   iii. The Agency will amend its "Addendum to Performance Work Plan and Appraisal Record 2019" by removing the term "SUCCESSFUL" appearing after "1. Case Handling:" and replace it with "OUTSTANDING."

   iv. The Agency will amend its "Addendum to Performance Work Plan and Appraisal Record 2019," by removing the following text:

   REDACTED, 5 U.S.C. 552(b)(6)

   v. The Agency will amend its "Addendum to Performance Work Plan and Appraisal Record 2019" by removing the term "OUTSTANDING" appearing after "2. Advocacy:" and replace it with "SUCCESSFUL."

   vi. The Agency will amend its "Addendum to Performance Work Plan and Appraisal Record 2019" by removing all text discussing the Advocacy CPE.

vii. The Agency will amend its "Addendum to Performance Work Plan and Appraisal Record 2019" by removing all text discussing the Ethics and Professionalism CPE.

Mr. Pell's overall performance rating on his calendar year 2019 PWPAR shall be changed from Successful to Outstanding. The Agency will implement this clause no later than sixty (60) calendar days from the effective date of the Agreement.

E. The Agency agrees to reimburse Mr. Pell for the filing fee associated with his First Amended Complaint, bearing docket number 21-cv-05945-JFW-PVC, in the amount of four-hundred and two dollars and no cents ($402.00) and Mr. Pell's share of the mediation fee paid to Judicate West in the amount of five thousand, seven hundred and fifty dollars and no cents ($5,750.00). The Agency will remit each payment to Mr. Pell's counsel-of-record within sixty (60) calendar days of the effective date of this Agreement. Mr. Pell shall assume sole responsibility for the accounting and taxable consequences, if any, of such payment.

### III. Mutual Understandings

A. Nothing in this Agreement shall be construed to prohibit the disclosure of information to any Federal, state or investigative entity inquiring into Mr. Pell's background for purposes of making a background assessment or determination in accordance with any law, rule, regulation or Department policy.

B. Nothing in this Agreement shall prohibit the Department from making appropriate referrals as required by 28 C.F.R. Part 45 or related referrals to state bar organizations.

C. These provisions are consistent with and do not supersede, conflict with, or otherwise alter the employee obligations, rights, or liabilities created by existing statute or Executive order relating to (1) classified information, (2) communications to Congress, (3) the reporting to an Inspector General of a violation of any law, rule, or regulation, or mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety, or (4) any other whistleblower protection. The definitions, requirements, obligations, rights, sanctions, and liabilities created by controlling Executive orders and statutory provisions are incorporated into this Agreement and are controlling.

D. The Parties further agree and understand that, nothing in this Agreement shall be construed as an admission of a violation of any law, rule, or regulation, or of any wrongdoing whatsoever by either party hereto.

E. The terms of this Agreement are contractual, not a mere recital, and shall be binding upon and inure to the benefit of Mr. Pell and the Agency.

F. Each party agrees that there is adequate consideration for each and every promise contained herein.

G. Each person who signs this Agreement in a representative capacity warrants that he or she is authorized to do so.

H. Each party further represents that they have read and fully understand the content of this Agreement. The Parties understand that this Agreement contains the entire agreement between Mr. Pell and the Agency, that no promise or inducement has been made except as set forth herein; and that no representations, oral or otherwise, between Mr. Pell and the Agency, not included herein shall be of any force and effect. Each party had the opportunity to have the advice of counsel of their own choosing in considering this Agreement and availed themselves of that opportunity, each party freely and voluntarily assent to all the terms and conditions hereof, and that they sign and execute this Agreement of their own free will.

I. By executing this Agreement, the Parties further acknowledge that: each party understands its terms; that such terms are acceptable to each; that there are no additional obligations, either written or oral, to be performed by any party beyond those set forth herein; that such terms are final and binding as to all claims that have been brought or could have been advanced on behalf of Mr. Pell against the Agency, or any of its employees, agents or assigns; and that the Parties voluntarily enter into this Agreement without duress, coercion, or undue influence.

J. The terms of this Agreement may not be altered, amended, changed, supplemented, or modified in any manner or degree except by a written instrument signed by each of the Parties hereto.

K. This Agreement is subject to the Privacy Act of 1974, 5 U.S.C. § 552a.

L. The Parties agree that signature by facsimile, scan or other electronic means shall have the same effect for all purposes as an ink-signed original Agreement. The Parties further agree that the effective date of this Agreement is the eighth (8) calendar day after the last date upon which the signatories below executed this Agreement.

[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]

WHEREFORE, the Parties hereto hereby execute the Agreement on the dates set forth below:

BY MR. PELL:

_____       03.11.2022
CHARLES PELL       DATE

BY COUNSEL FOR MR. PELL:

_____       03/11/2022
NEAMA RAHMANI       DATE
RONALD L. ZAMBRANO
West Coast Employment Lawyers

BY THE AGENCY:

**AUSTIN RICE-STITT**
Digitally signed by AUSTIN RICE-STITT
Date: 2022.03.11 10:35:24 -08'00'

_____       _____
SCOTT ERIK ASPHAUG       DATE
United States Attorney
District of Oregon

AUSTIN J. RICE-STITT
Assistant United States Attorney
District of Oregon